IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID ALAN WILSON                                                                                          PLAINTIFF

       v.                                     Civil No. 13-6036

DON NELSON, Ouachita River
Correctional Unit (ORCU); CORIZON,
Medical Care Provider; JAMES PRATT,
Health Care Administrator, Corizon;
JOHN HAROLD, Construction Supervisor,
ORCU; and JIM McLEAN, Construction
Supervisor, ORCU                                                                                          DEFENDANTS

## ORDER

Pending before me for decision are the following motions: (1) a motion for jury trial filed by the Plaintiff (ECF No. 29); (2) a motion for appointment of counsel filed by the Plaintiff (ECF No. 30); (3) a motion to appoint an expert witness filed by the Plaintiff (ECF No. 32); (4) a motion for leave to answer out of time filed by Defendant Pratt (ECF No. 39); (5) a motion to take Plaintiff's deposition filed by Corizon (ECF No. 42); (6) a motion for an extension of time to complete discovery filed by Corizon (ECF No. 44); and (7) a motion to postpone deposition filed by the Plaintiff (ECF No. 45).

**Motion for Jury Trial** (ECF No. 29)

Plaintiff's motion was timely filed in accordance with the requirements of Rule 38(b) of the Federal Rules of Civil Procedure. The motion (ECF No. 29) is **GRANTED.** The Clerk is directed to note on the docket sheet that Plaintiff has made a jury demand.

**Motion for Appointment of Counsel** (ECF No. 30)

Plaintiff proceeds in this case *in forma pauperis* pursuant to the provisions of 28 U.S.C. §

1915. In <u>Mallard v. United States District Court</u>, 490 U.S. 296 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." <u>Edgington v. Missouri Dept. of Corrections</u>, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be appointed if the district court determines it is necessary." <u>Id.</u>

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. <u>Id.</u> "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" <u>Id.</u> (quoting, <u>Nachtigall v. Class</u>, 48 F.3d 1076, 1081 (8th Cir. 1995)); see also <u>Stevens v. Redwing</u>, 146 F.3d 538, 547 (8th Cir. 1998); <u>Bumgarner v. Malin</u>, 97 F.3d 1456 (8th Cir. 1996); <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In his motion, Plaintiff states that imprisonment greatly limits his ability to litigate; the issues involved are complex and require significant research and investigation; his access to the law library is limited; and he has limited knowledge of the law.

After review of the file, it does not appear that either the facts or the claims are so complex that Plaintiff will be unable to represent himself. Plaintiff has filed a number of motions on his own behalf. All documents filed have been easily understood. Thus far, Plaintiff has been able to adequately set forth his claims. From what is currently before the Court, it appears the Plaintiff will be able to adequately investigate and present his case. The motion for appointment of counsel (ECF

No. 30) is **DENIED**.

**Motion for the Appointment of an Expert** (ECF No. 32)

Plaintiff state that the medical issues in this case are complex. He indicates he needs access to medical experts to inquire as to their opinion on the medical issues in this case.

The motion (ECF No. 32) is **DENIED** at this stage of the litigation. Plaintiff may again raise this issue after discovery has been completed.

**Motion for Leave to File an Answer Out of Time** (ECF No. 39)

Defendant James Pratt indicates he was not employed by Corizon at the time he was served and mistakenly believed the law firm utilized by Corizon would file an answer for him. Counsel was not contacted until November 9, 2013.

The motion (ECF No. 39) is **GRANTED.** The answer filed on November 12, 2013, will be considered to have been timely filed.

**Motion to Take Plaintiff's Deposition** (ECF No. 42)

Corizon and James Pratt (the Medical Defendants) have filed a motion to depose the Plaintiff pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure as Plaintiff is an incarcerated person.   The motion (ECF No. 19) is **GRANTED**.

**The District Clerk is directed to send a copy of this order to the Deputy Warden, Arkansas Department of Correction, Ouachita River Correctional Unit, P.O. Box 1630, Malvern, AR 72104.**  The order should be sent to the Deputy Warden by certified mail with return receipt requested. Plaintiff shall be allowed to have his legal materials relating to this case in his possession during the deposition.

**Motion for an Extension of Time to Complete Discovery** (ECF No. 44)

The Medical Defendants request an extension of time until January 10, 2014. The motion

(ECF No. 44) is **GRANTED**. Any discovery responses served on Plaintiff by January 10, 2014, will be considered to have been timely submitted.

### Motion to Postpone Deposition (ECF No. 45)

The Arkansas Department of Correction Defendants have noticed Plaintiff's deposition for March 21, 2014. Plaintiff asks that it be postponed until the Court rules on his motion for appointment of counsel.

The motion (ECF No. 45) is **DENIED** as moot. The Court has in this ordered ruled on Plaintiff's request for appointed counsel.

### Summary Judgment Motion

The Defendants are directed to file a summary judgment motion by **May 27, 2014.** Once the motion is filed, Plaintiff will be asked to verify his receipt of the motion and notify the Court of how he intends to respond.

IT IS SO ORDERED this 24th day of February 2014.

    /s/ Barry A. Bryant  
    HON. BARRY A. BRYANT  
    UNITED STATES MAGISTRATE JUDGE